IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO M. CROCKETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22–cv–00260 |
| | ) | Judge Crenshaw/Frensley |
| | ) | |
| WARDEN TONY MAYS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

Plaintiff brought a claim under 42 U.S.C. § 1983, asserting Defendants, Warden Tony Mays, et. al. ("Defendants") violated his Fourth, Fourteenth, and Eighth Amendment rights by installing cameras in his cell and distributing "photos and videos" of Plaintiff "pleasuring [him]self" among the inmates in 3A pod. Docket No. 6, p. 5. Plaintiff seeks to be transferred from the Riverbend Maximum Security Institution to "Lois D[.] Berry Special needs" for safekeeping. *Id.* at 6, 14.

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants. Docket No. 37. In support of this Motion, Defendants contemporaneously filed a Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 38) and a Statement of Undisputed Material Facts (Docket No. 39). In their memorandum, Defendants argued that Plaintiff did not sufficiently demonstrate that he had a legitimate

expectation of privacy under the Fourth and Fourteenth Amendment and that he faced objectively serious mistreatment in violation of the Eighth Amendment. Docket. No. 38, p. 4-9.

Plaintiff filed a Response to Defendants' Motion for Summary Judgment. Docket No. 41. In his Response, Plaintiff claimed that Defendants are "blatantly lying" about their knowledge of the cameras and their involvement in the alleged incident. Docket No. 41.

Subsequently, Defendants filed a Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, arguing that Plaintiff did not provide evidence to counteract Defendants' assertions and did not properly respond to Defendants' Statement of Undisputed Material Facts. Docket No. 43.

Defendants seek summary judgment on Plaintiff's 42 U.S.C. § 1983 claim under Rule 56 of Federal Rules of Civil Procedure and Local Rules 7.01 and 56.01. Docket Nos. 37, 38. For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 37) be **GRANTED**.

## II. UNDISPUTED FACTS[1]

On February 27, 2022, Plaintiff was housed at Riverbend Maximum Security Institution. Around 10:10 pm, he turned on his TV and saw a "red dot [and] a red box " on the TV screen "with the word record on it." Docket No. 6, p. 14. He changed the channel and believed he was "just being paranoid." *Id*. He then "ended up pleasing [him]self sexually doing something [he] never tried before. Freaky." *Id*. Plaintiff notes that his cell door and back door windows were

---

[1] Discussed under "Local Rules 56.01(c)," the facts are undisputed for the purposes of summary judgment as a consequence of Plaintiff's failure to properly respond to Defendants' Statement of Undisputed Material Facts.

covered, "so there ain't [sic] no way any body [sic] could know wats [sic] up or wat [sic] was going on in [his] cell." *Id*.

The next day, Plaintiff heard inmates laughing about the incident. *Id*. Plaintiff claims that Officer Winstead "came in on Feb[.] 28th and replayed the incident for all the inmates thru the DVD player" at that "still shot pictures of [Plaintiff] pleasing [him]self [were] being passed around amongst the inmates in 3A pod." *Id*. at 4-5. Plaintiff asked Officer Winstead about the cameras in his cell, and Officer Winstead laughed it off, "makeing [sic] like [Plaintiff is] crazy or something." *Id*. at 5. He further asserted that Defendant Strickland "is for sure one of the officers showing the footage of [his] cell." *Id*. Finally, while he was on suicide watch for the incident, Plaintiff "heard the security officers playing the video and laughing" with an inmate worker at the clinic. *Id.* at 15. Plaintiff asserts that because he is an "affiliated gang member," the alleged distribution of photos and videos of Plaintiff pleasuring himself may constitute "homosexual" behavior, which is a "[g]uaranteed death sentence to a gang member." *Id*.

Plaintiff filed his complaint on April 13, 2022, then refiled on May 11, 2022, stating that his Fourth, Eighth, and Fourteenth Amendment rights were violated because the "illegally installed cameras" constitute "illegal search and seizure [and] cruel and unusual punishment." Docket No. 6, p. 14. Plaintiff claims that he has suffered mental anguish, "post pardem [sic] stress" and pain and suffering; further, he seeks to be transferred to "Lois D[.] Berry Special needs" because there is "no other facility in the state of Tennessee thats [sic] safe for me." *Id*. at 14-15.

Defendants assert that there were no cameras inside Plaintiff's cell in February 2022 and that Defendants Strickland and Winstead were "unaware of the photos or recordings alleged by Plaintiff and [have] never heard any inmate or staff member discussing the photos or recordings

3

alleged by Plaintiff and has never seen such photos or recordings." Docket No. 39, p. 2. As discussed below, because Plaintiff failed to properly respond under Local Rule 56.01, the facts asserted by Defendants in their Statement of Undisputed Material Facts are accepted as true for purposes of a Motion for Summary Judgment.

## IV. LAW AND ANALYSIS

### A. 42 U.S.C. § 1983

Plaintiff's Complaint states a claim under 42 U.S.C. § 1983. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983. Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

### B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

4

Case 3:22-cv-00260   Document 44   Filed 07/12/23   Page 4 of 10 PageID #: 219

entitled to a judgment as a matter of law." A dispute is "genuine" only if "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 573, 587 (1986).

Fed R. Civ . P. 56 provides that the nonmoving party may not rest upon mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. However, if a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-538 (6th Cir. 1999).

C. **Local Rule 56.01(c)**

Local Rule 56.01(c) states:

> (c) Response to Statement of Facts. Any party opposing the motion
> for summary judgment must respond to each fact set forth by the

> movant by either:
>
> (1) Agreeing that the fact is undisputed;
>
> (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or
>
> (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.
>
> The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.
> A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. Pro se parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such pro se parties must otherwise comply with the requirements of this section.

Local Rule 56.01(c).

This Court has warned Plaintiff that his response "must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence" and that failure to respond to a statement of facts in the manner outlined by the Court "may result in the Court taking the facts alleged in the matter as true and granting the relief requested," *See* Local Rule 56.01(c). *See also*, Fed. R. Civ. P. 56(c)(1). Although Plaintiff has filed his "Response to Defendants, [*sic*] Motion for Summary for [*sic*] Judgment" (Docket No. 41), his "responses" do not contain the required citations to the record, nor do they show either that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Plaintiff has therefore failed to properly respond to Defendants' Statement of Undisputed Material Facts, and, pursuant to Local Rule 56.01(g), Plaintiff's failure to properly respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to judgment as a matter of law.

### D. Case at Bar

As an initial matter, although Plaintiff filed a Response to Defendants' Motion to Summary Judgment, that document does not address Defendants' Statement of Undisputed Material Facts in the manner required by the Federal or Local Rules. It would, however, be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to properly respond. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id*. (citations omitted). The Court will therefore consider whether Defendants have met their burden under the appropriate summary judgment standards discussed above.

Because the violation of a constitutional right is a condition precedent to prevailing on a §1983 claim in any capacity, the undersigned first examines whether Plaintiff's allegations have raised a genuine issue of material fact with regard to whether Defendants, in either their individual or official capacities, have violated Plaintiff's constitutional rights. As discussed under

"Local Rule 56.01(c)," there are no genuine issues of material fact because Plaintiff has provided no evidence to support his claims. The Sixth Circuit has held that "status as a pro se litigant does not alter his duty on a summary judgment motion" *Viergutz v. Lucent Techs.*, 375 Fed. App'x. 482, 485 (6th Cir. 2010). Further, the Sixth Circuit has noted that there is not a relaxed legal standard for pro se litigants regarding straightforward procedural matters. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (holding that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues… there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). Therefore, the analysis will focus on whether Defendants are entitled to judgment as a matter of law.

In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present affirmative evidence that each defendant violated his rights; conclusory allegations are not enough. *See Street,* 886 F.2d at 1479; *see also Anderson*, 477 U.S. at 257; *Nix v. O'Malley*, 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

Plaintiff has not submitted any evidence that would suggest that cameras were illegally placed in his unit or that Defendants were personally involved in or aware of the alleged incident. Rather, Plaintiff has merely asserted that the cameras existed and that Defendants are "blatantly lying" about their knowledge regarding the cameras. Docket No. 41., p. 1. He further claims that "[n]o inmate is [going to] come forward to suport [sic] the plaintiff cause [sic] … they don[']t wanna [sic] be subjected to the same cruel and unusual punishment." *Id*. at 2. However, the Sixth Circuit has rejected similar arguments that rely on challenging a defendant's credibility without providing independent evidence to support the claims being made. *Dawson v.*

8

Case 3:22-cv-00260   Document 44   Filed 07/12/23   Page 8 of 10 PageID #: 223

*Dorman*, 528 Fed. Appx. 450, 452 (6th Cir. 2013) (citing *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)). Specifically, in *Dawson*, the Court determined that resolving credibility disputes "typically applies where there is a *genuine* conflict in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Id*. Moreover, a plaintiff "cannot survive summary judgment simply by stating that a jury could disbelieve [a defendant's] testimony. *Id*. Here, because Plaintiff has presented no evidence, he has failed to show a genuine conflict and lacks affirmative support for his claim. Finally, it is well established that "when challenges to witness[] credibility are all that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper." *Id*. (citing *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)). Here, Plaintiff relies entirely on his belief that Defendants are "blatantly lying" about the incident–an argument explicitly rejected by the Sixth Circuit. *See Id*.; Docket No. 41, p. 1. Therefore, there are no genuine issues of material fact, and because the Plaintiff has not provided sufficient evidence, the undersigned recommends that the Defendants be entitled to judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to establish that there is a genuine issue of material fact. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Docket No. 37) be **GRANTED,** and this action be **DISMISSED WITH PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Jeffery S. Frensley**
**United States Magistrate Judge**